IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
:
:
v. : CIVIL ACTION NO. 07-CV-1359
:
FRANKIE G. BURTON :
:

FILED
OCT 26 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

On April 3, 2007, Petitioner filed a "Petition Seeking the Abeyance of Stay in the Above Matter on Appeal in the Lower Court."[1] On April 13, 2007, this Court granted Petitioner provisional leave to proceed *in forma pauperis*. The Court also placed this matter in civil suspense because Petitioner stated that his State court remedies were not exhausted. The matter was stayed pending disposition of Petitioner's State court proceedings or further notice of this Court.

This matter has been in civil suspense for more than two years. Petitioner has not notified the Court of the disposition of his State court proceedings. On July 17, 2009, Petitioner filed another "Petition Seeking Abeyance of Stay" in this matter. Because this case remains in civil suspense and as neither party requested that this matter be removed from civil suspense, Petitioner's second request seeking abeyance of stay was dismissed as moot by the Court on September 10, 2009.

On September 25, 2009, the Court received a "response letter" from Petitioner. Therein Petitioner states that he is requesting an abeyance and stay on a different criminal matter pending in Bucks County, Pennsylvania as opposed to the criminal matter underlying the instant matter

---

[1] The Court notes that Petitioner did not file a properly completed and signed petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 when he filed his "Petition Seeking the Abeyance of Stay."

which Petitioner states originated in Montgomery County, Pennsylvania.

Presently, the Court is not aware of the status of Petitioner's State court proceedings nor is the Court aware of whether Petitioner has exhausted his State court remedies. Petitioner must inform the Court of the status of those proceedings. Furthermore, upon review of Petitioner's original pleading filed herein, it is clear that Petitioner seeks to attack his State court conviction in the underlying criminal matter. Based on his correspondence received by this Court on September 25, 2009, it also appears that he seeks to attack another State court conviction. To attack any State court conviction Petitioner must file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. See *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339 (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"). Therefore, Petitioner must utilize this Court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254 as required. See, E.D. Pa. R. Civ. P. 9.3; Rules Governing § 2254 Cases in the United States District Courts Rule 2(d). The current standard form guarantees that petitioners are made aware of specific warnings at the commencement of a § 2254 case, as required by the United States Court of Appeals for the Third Circuit. See, United States v. Thomas, 221 F.3d 430, 437 n.6 (3d Cir. 2000) (relating to warning a petitioner about the need to plead facts sufficient to support his or her claims, and the strict and short statute of limitations for filing a petition for *habeas corpus* relief); Mason v. Meyers, 208 F.3d 414, 418-19 (3d Cir. 2000) (relating to the warnings a court must provide regarding the restrictions on a district court's ability to consider "second or successive" § 2254 petitions).

In conclusion, Petitioner must advise the Court of the status of his State court proceedings and file separate petitions for each criminal conviction he wishes to attack. Furthermore,

although Petitioner has been granted permission to proceed *in forma pauperis* herein, if he files a separate petition to attack a criminal conviction different from the one underlying the instant matter, he must file another request to proceed *in forma pauperis* or pay the $5.00 filing fee.

An appropriate Order follows.